**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARTINO O'BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01550-MTS |
| | ) | |
| SPORTS TUTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Martino O'Bryant's motion for leave to proceed *in forma pauperis*. Doc. [3]. Having reviewed the motion and the financial information provided, the Court has determined that Plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. Additionally, for the reasons discussed below, the Court will order the Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if, among other reasons, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* complaints must allege facts that, if true, state a

-1-

claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

District courts are not required to assume facts that are not alleged, *Stone v. Harry*, 364 F.3d 912,

914–15 (8th Cir. 2004), or interpret procedural rules in a manner that excuses the mistakes of those

who proceed without counsel, *see McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed his complaint against Sports Tutor, Inc.  Doc. [1].  Although the complaint

is partially filed on a Court-provided form, his allegations are somewhat difficult to discern.  Under

the section of the complaint where Plaintiff is supposed to identify this Court's jurisdiction,

Plaintiff states that he is bringing the present lawsuit under 15 U.S.C. §§ 2301, *et seq.*,[1] or pursuant

to provisions of the Magnuson-Moss Warranty Act (the MMWA).[2]

Plaintiff brings his suit against Defendant Sports Tutor, Inc., because the random feature

on the ball machine he purchased from Defendant "has not been fully functional for 3-6 months."

Plaintiff states that he returned the original ball machine purchased on May 9, 2022, for a purchase

price of $2,187.68.  However, he returned the first ball machine due to a manufacturing defect,

and on an undisclosed date, he purchased an "upgraded" ball machine for a purchase price of

$2,549.00. Doc. [1, Ex. D].  He alleges that his aspirations of "becoming an elite tennis player

whose [sic] mentally equipped to compete globally" for sponsorships, endorsement deals, product

---

[1] Plaintiff mistakenly cites to the MMWA as 15 U.S.C. § 2304 in the complaint.

[2] Plaintiff also states that he is suing for "[b]reach of warranties [s]upporting [p]roduct [l]iability."
It is unclear if, by this language, Plaintiff pursues a Missouri state law claim for breach of warranty
and/or product liability or additional claims under the MMWA.  It matters not, however, because
Plaintiff fails to allege facts that would permit this Court to exercise subject matter jurisdiction
over any of the purported claims. *See Fish v. Ristvedt*, 192 F. Supp. 2d 1024, 1031 (D.N.D. 2002)
(citing *Sanders v. United States*, 760 F.2d 869, 870 (8th Cir. 1985)) (noting that a pro se litigant
must "set forth some facts" alleging jurisdiction); *see also Stone*, 364 F.3d at 914–15 (explaining
that a court is not required to assume facts that are not alleged).

marketing, and brands have been hampered due to his inability to use the random feature consistently on the ball machine. Doc. [1] at 11. As a result, Plaintiff seeks both compensatory and punitive damages from Defendant for an alleged breach of the three-year warranty.

**Discussion**

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). Although the MMWA is a federal statute, not all MMWA claims may be brought in federal court. MMWA claims must meet an amount in controversy threshold for federal jurisdiction to apply. A MMWA claim cannot be brought in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in th[e] suit." 15 U.S.C. § 2310(d)(3)(B); *see also Thiessen v. Jaguar Land Rover N. Am., LLC*, 3:21-cv-5046-WBG, 2021 WL 3173603, at *2 (W.D. Mo. July 26, 2021) (collecting cases).

Although the Eighth Circuit has not yet determined how a court should calculate the amount in controversy in an MMWA action, other courts of appeals and district courts have applied the cost of cover analysis to determine the amount in controversy. *See Thiessen*, 2021 WL 3173603, at *3. Applying this method to Plaintiff's case, the Court would begin with the cost of a replacement ball machine, subtract the present value of the allegedly defective ball machine, and then subtract the use value that the Plaintiff received from the allegedly defective ball machine. *See Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003) (holding the removing party asserting federal jurisdiction is required to allege the cost of the replacement vehicle, the present value of the allegedly defective vehicle, and the value that Plaintiff received from the

allegedly defective vehicle to calculate the amount in controversy under the MMWA).  This method, of course, would make the value of the damages in this action well under the threshold amount of $50,000.  Even *pro se* litigants are obligated to plead specific facts and proper jurisdiction.  *See McNeil*, 508 U.S. at 113.  Here, Plaintiff has failed to do so.

Because Plaintiff's actual damages appear to be less than the requisite jurisdictional amount, Plaintiff will be required to show cause in writing, no later than Monday, December 16, 2024, why this action should not be dismissed for lack of jurisdiction.  If Plaintiff does not comply with the Court's Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel.  Doc. [2].  The motion will be denied at this time.  In civil cases, a *pro se* litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); see also *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case").  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must show cause in writing no later than **Monday, December 16, 2024**, why this action should not be dismissed for lack of jurisdiction.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [2], is **DENIED** at this time.

Dated this 25th day of November 2024.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE